IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chauncey J.R. Thorne,                           Case No. 4:12 CV 2950

              Petitioner,              MEMORANDUM OPINION
                                                  AND ORDER

   -vs-
                                                  JUDGE JACK ZOUHARY

United States,

              Respondent.

## INTRODUCTION

*Pro se* Petitioner Chauncey Thorne filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in November 2012 (Doc. 1). Petitioner was in federal custody at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton") when he filed this Petition naming the United States as Respondent. He maintains he is actually innocent, and argues his conviction should be vacated. For the following reasons, the Petition is denied.

## BACKGROUND

In 2008, Petitioner was convicted at a general court martial for violating Article 134 of the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 934, and sentenced to 96 months imprisonment (Doc. 3 at 5). Article 134 makes punishable by court martial "all disorders and neglects to the prejudice of good order and discipline in the armed forces, [and] all conduct of a nature to bring discredit upon the armed forces . . . ." Petitioner appealed his conviction, raising five issues: "(1) expert wrongfully denied; (2) impermissible interference during pretrial phase; (3) Counsel didn't

apprise about spousal priveldge [sic]; (4) CID confiscated and held computer despite there being no evidentiary value; [and] (5) government was dilatory in post-trial processing" (Doc. 1 at 2). His conviction was affirmed by the Army Court of Criminal Appeals, *United States v. Thorne*, 09-0677 (Army Ct. Crim. App. 2009), and the U.S. Court of Appeals for the Armed Forces denied his petition for review, *United States v. Thorne*, 65 M.J. 199 (C.A.A.F. 2009). Petitioner was denied leave to file an out-of-time appeal by the CAAF on March 26, 2012. 71 M.J. 198 (C.A.A.F. 2012). He then filed this Petition.

Petitioner first argues his conviction does not qualify as a military offense under the UCMJ. Moreover, he claims he is "actually innocent" and that his "speech was . . . protected by the First Amendment" (Doc. 1 at 6). The speech to which he refers is a conversation with his wife conducted using instant messaging software, a transcript of which he attaches to the Petition. Secondly, Petitioner maintains Article 134 of the UCMJ does not adequately "state the terminal element," and this alleged deficiency is a fatal flaw in the original indictment filed against him. While this Petition was pending, Petitioner completed his sentence and was released from custody. *See* Bureau of Prisons Inmate Locator, Register No. 21792-045, *available at* http://www.bop.gov/iloc2/LocateInmate.jsp (last visited May 8, 2013).

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Because Petitioner appears *pro se*, the

allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

## DISCUSSION

### *Habeas Jurisdiction*

Federal district courts have jurisdiction under 28 U.S.C. § 2241 over petitions for writs of habeas corpus filed by persons "confined by the military courts." *Burns v. Wilson*, 346 U.S. 137, 139 (1953). In this context, however, the scope of matters open for review is narrower than in civil cases. *See id*. (citing *Hiatt v. Brown*, 339 U.S. 103 (1950)). To that end, the Supreme Court has explained that after the military courts have addressed every significant allegation raised by a petitioner, the district courts need not conduct a de novo review of the record:

> it is not the duty of the civil courts simply to repeat that process—to re-examine and reweigh each item of evidence of the occurrence of events which tend to prove or disprove one of the allegations in the applications for habeas corpus. It is the limited function of the civil courts to determine whether the military have given fair consideration to each of these claims. *Id.* at 144.

This Court will not entertain a military prisoner's petition for writ of habeas corpus until all available remedies within the military court system "have been invoked in vain." *Noyd v. Bond*, 395 U.S. 683, 693 (1969). Petitioner has satisfied this exhaustion requirement.

3

*Custody Status*

Whether a habeas petitioner is "in custody" for purposes of Section 2241 is determined at the time the petition is filed. *See Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Sevier v. Turner*, 742 F.2d 262, 268 (6th Cir. 1984). When Petitioner filed this action he was incarcerated at FCI-Elkton, a facility located within this Court's geographical jurisdiction. Thus, the matter was properly filed in this Court, despite Petitioner's failure to name the warden at FCI-Elkton, rather the United States, as Respondent. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (noting a petitioner should name as a respondent in his petition for writ of habeas corpus the individual having day-to-day control over the facility in which he is detained).

*Mootness*

Petitioner's recent release from custody raises the question of mootness. *See, e.g.*, *Ward v. Huron Cnty. Circuit Judge Knoblock*, 738 F.2d 134, 138–39 (6th Cir. 1984). A case becomes moot when a petitioner's personal interest in the outcome of the case is extinguished before the court has rendered a judgment. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). However, because of "disabilities or burdens [which] may flow from" a petitioner's conviction, he has a "'substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him.'" *Carafas*, 391 U.S. at 237–38 (1968) (quoting *Fiswick v. United States*, 329 U.S. 211, 222 (1976)).

The U.S. Court of Appeals for the Armed Forces acknowledged that "the collateral consequences . . . of a conviction—cannot always be foreseen," and they "continue to be a concern to members of a court-martial, for numerous reasons." *United States v. Hall*, 46 M.J. 145, 146 (C.A.A.F. 1997) (internal quotation marks omitted); *see also United States v. Griffin*, 25 M.J. 423,

424 (1988) ("[T]he impact of an adjudged punishment on the benefits due an accused who is eligible to retire is often the single most important sentencing matter to that accused."). Given the significant collateral consequences of Petitioner's conviction, this Court concludes his Petition is not moot, despite his release from custody after completion of his sentence.

### *Claims Defaulted*

Absent a colorable jurisdictional question, Petitioner's claim should be denied if the military already provided full and fair consideration to his claims. *Burns*, 346 U.S. at 142; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004). As a threshold matter, Petitioner failed to raise any of the claims before this Court to the military courts. "Where a petitioner has failed to raise a claim in the military courts, a federal court will not review the claim unless the petitioner has established 'cause' and 'prejudice' for failing to raise the error." *Witham*, 355 F.3d at 505. Petitioner has established neither. Nowhere in the Petition does he indicate he previously raised his First Amendment or "terminal element" arguments before a military court, nor does he explain why he failed to do so. Neither does he allege prejudice for failing earlier to raise these arguments. Accordingly, Petitioner procedurally defaulted his claims and cannot bring them now.

### *Not Entitled to Safety Valve Relief*

Petitioner further argues he is actually innocent and entitled to relief under Section 2241 via the safety valve provisions of 28 U.S.C. § 2255. He is not. The remedy afforded under Section 2241 is not "an additional, alternative, or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). To invoke the safety valve provision, a petitioner must first establish his remedy under Section 2255 is inadequate or ineffective. Doing so requires more than a claim the petitioner is procedurally barred, *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.

5

1997), or unable to file a second or successive motion to vacate, *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). In the Sixth Circuit, a petitioner must show that an intervening change in the law establishes his actual innocence to invoke the savings clause of Section 2255 and proceed under Section 2241. *See Lott v. Davis*, 2004 WL 1447645, at *2 (6th Cir. 2004). Petitioner fails to identify such an intervening change in the law.

Petitioner's citation to the Supreme Court's decision in *United States v. Resendiz-Ponce*, 549 U.S. 102 (2007), is inapposite. That case involved a Mexican citizen who was indicted and charged with attempting to reenter the United States after having been deported in violation of 8 U.S.C. § 1326(a). The Court held an indictment alleging attempted reentry under Section 1326(a) need not specifically allege a particular overt act or any other "component par[t]" of the offense. *Resendiz-Ponce*, 549 U.S. at 104. That case has no bearing on Petitioner's innocence, and, in any event, was decided one year before the charges against Petitioner were filed.

## CONCLUSION

For the foregoing reasons, the Petition is denied pursuant to 28 U.S.C. § 2243. Further, this Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U.S. DISTRICT JUDGE

May 9, 2013